IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN ANTHONY ESTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:15-cv-1140-JDT-egb |
| | ) | |
| GIBSON COUNTY CORRECTIONAL COMPLEX, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

_____

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $400 CIVIL FILING FEE
_____

On June 4, 2015, Plaintiff Christian Anthony Estes, who is incarcerated at the Gibson County Correctional Complex in Trenton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, see McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment

procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a certification by the prison trust account officer and a copy of his trust account statement for the last six months. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff does not contain a certification by the prison trust account officer and is not accompanied by a copy of Plaintiff's trust account statement. Accordingly, Plaintiff is ORDERED to submit, within thirty (30) days after the date of this order, either the entire $400 civil filing fee or a current *in forma pauperis* affidavit containing a certification by the trust account officer and a copy of his trust account statement for the last six months.[1] The Clerk is directed to provide Plaintiff with a copy of the prisoner affidavit form along with this order. If Plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997).

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of only $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if the Plaintiff fails to comply with this order in a timely manner, the Court will

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if the Plaintiff is granted leave to proceed *in forma pauperis* in accordance with the PLRA, he will not be responsible for the additional $50 fee.

deny leave to proceed *in forma pauperis,* assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice, under Fed.R.Civ.P. 41(b), for failure to prosecute. McGore, 114 F.3d at 605.[2]

IT IS SO ORDERED.

                                              **s/James D. Todd**_____
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE

---

[2] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. McGore, 114 F.3d at 607; see also In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).